IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONNY LYSAK,<br>      Petitioner, | :<br>:<br>:   1:18-cv-1899 |
| v. | :<br>:   Hon. John E. Jones III |
| MICHAEL CLARK, PA STATE<br>ATTORNEY GENERAL,<br>      Respondents. | :<br>:<br>: |

# MEMORANDUM

**November 16, 2018**

On September 27, 2018, Petitioner Lonny Lysak ("Lysak") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), challenging his Judgment of Sentence entered in Court of Common Pleas of Lackawanna County Criminal Case Numbers 15-cr-1226 and 15-cr-1234. (Doc. 1). Lysak's sole claim is that his plea was involuntarily induced due to the ineffective assistance of counsel. (Doc. 1, p. 5).

On October 12, 2018, the Court directed Respondents to address the timeliness of the petition. (Doc. 5). In their response, Respondents apprise the Court that the filing of the petition is premature because Lysak has pending in the Supreme Court of Pennsylvania a Petition for Allowance of Appeal. (Doc. 6; Doc. 6-1, pp. 21-23). Because the sole claim raised in Lysak's petition is unexhausted, the Court will dismiss the petition without prejudice.

## I. BACKGROUND

Lysak filed the instant petition on September 27, 2018. (Doc. 1). He currently has pending in the Supreme Court of Pennsylvania a Petition for Allowance of Appeal of the denial of his Post Conviction Relief Act petition concerning Court of Common Pleas of Lackawanna County Criminal Case Numbers 15-cr-1226 and 15-cr-1234. (Doc. 6-1, pp. 21-23). In his petition, he indicates that the Petition for Allowance of Appeal is pending and identifies the issue contained in the petition as follows: "Did the PCRA Court err in dismissing Appellant's PCRA Petition as meritless where trial counsel was ineffective for failure to investigate the merits of the case and prepare a defense which caused Appellant to involuntarily Plead guilty?" (Doc. 1, p. 12).

## II. DISCUSSION

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that— (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist

that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b) (1). Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective...." *See Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (finding that a collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if

he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. *Castille v. Peoples*, 489 U.S. 346, 350 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The petitioner generally bears the burden to prove all facts establishing exhaustion. *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir.1993).

Exhaustion is not, however, a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. *Granberry v. Greer*, 481 U.S. 129, 131, 134–35 (1987); *Rose*, 455 U.S. at 516–18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. *Rose*, 455 U.S. at 519. Consequently, a district court may use its inherent power to dismiss, *sua sponte*, a petition which concedes that the prisoner failed to exhaust his state court remedies and which facially violates a bar to suit. *Ray v. Kertes*, 285 F.3d 287, 293 n. 5 (3d Cir. 2002). *See also Sulaski v. Lindsay*, CV-06-2482, 2007 WL 1031457, at *1 (M.D.Pa. March 29, 2007) (Rambo, J.) (relying on *Ray* for *sua sponte* dismissal of an unexhausted § 2241 petition).

Here, Lysak concedes that he has not yet exhausted his state court remedies with respect to the claim contained in his petition. This concession is confirmed by the state court docket. As such, it is appropriate to dismiss the petition based on failure to exhaust state court remedies prior to seeking federal review. The dismissal will be without prejudice to his right to pursue federal habeas relief upon complete exhaustion of his state court remedies.[1]

## III. <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should

---

[1] A stay of this matter is not appropriate under *Rhines v Weber*, 544 U.S. 269 (2005). Lysak only includes one claim in his petition and that claim is currently awaiting review by the Supreme Court of Pennsylvania. Consequently, he is not in danger of losing timely exhausted claims.

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

## IV. **CONCLUSION**

For the reasons set forth above, the petition will be dismissed without prejudice.

An appropriate Order will issue.